**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JENNIFER L. BENNETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-116-PRC |
| | ) | |
| NANCY BERRYHILL, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jennifer L. Bennett on March 16, 2017, and on Plaintiff's Brief [DE 17], filed on September 1, 2017. Plaintiff requests that the December 9, 2015 partially favorable decision of the Administrative Law Judge be reversed and remanded for further proceedings. On September 11, 2017, the Commissioner filed a response, and Plaintiff filed a reply on October 27, 2017. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on November 27, 2013. Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a hearing, which was held on November 16, 2015, before Administrative Law Judge (ALJ) Howard Kauffman. Present at the hearing were Plaintiff, her attorney, and an impartial vocational expert.

The ALJ issued a written decision on December 9, 2015, concluding that Plaintiff was disabled for a closed period but not thereafter based on the following findings:

1. The claimant meets insured status requirements of the Social Security Act through December 31, 2017.

2.	The claimant has not engaged in substantial gainful activity since October 26, 2012, the date the claimant became disabled.

3.	From October 26, 2012 through September 16, 2014, the period during which the claimant was under a disability, the claimant had the following severe impairment: an open wound of pilonidal cyst/disease (also referred to as "open wound").

4.	From October 26, 2012 through September 16, 2014, the period during which the claimant was disabled, the severity of the claimant's open wound met the criteria of section(s) 8.04 of 20 CFR Part 404, Subpart P, Appendix 1.

5.	The claimant was under a disability, as defined by the Social Security Act, from October 26, 2012 through September 16, 2014.

6.	The claimant has not developed any new impairment or impairments since September 17, 2014, the date the claimant's disability ended. Thus, the claimant's current severe impairment is the same as that present from October 26, 2012 through September 16, 2014.

7.	Beginning September 17, 2014, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404 Subpart P, Appendix 1.

8.	Medical improvement occurred as of September 17, 2014, the date the claimant's disability ended.

9.	The medical improvement that has occurred is related to the ability to work because the claimant no longer has an impairment or combination of impairments that meets or medically equals the severity of a listing.

10.	After careful consideration of the entire record, the undersigned finds that, beginning September 17, 2014, the claimant has had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is unable to kneel, crawl, or climb ladders, ropes, or scaffolds; the [claimant] is limited to no more than occasional stooping, balancing, and crouching; the claimant is unable to stand for more than fifteen minutes at a time for a total of forty-five minutes in an eight hour workday.

11.	The claimant is unable to perform past relevant work.

12.     Since September 17, 2014, the claimant has been a younger individual age 18-44.

13.     The claimant has at least a high school education and is able to communicate in English.

14.     Beginning September 17, 2014, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

15.     Beginning September 17, 2014, considering the claimant's age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers in the national economy that the claimant can perform.

16.     The claimant's disability ended September 17, 2014.

(AR 25-29). Plaintiff then sought review before the Agency's Appeals Council, which denied her request on January 24, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. On March 16, 2017, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous

legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful

review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet

or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

If the claimant is found disabled at any point in the process, the ALJ must also determine whether the claimant's disability continues through the date of the ALJ's decision. Social Security regulations provide multi-step frameworks for such determinations at 20 C.F.R. §§ 404.1594(f) and 416.994(f).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error in several parts of his analysis. All of Plaintiff's arguments are connected to Plaintiff's ability to sit. Because the ALJ incorrectly evaluated Plaintiff's ability to sit, this case must be remanded.

The ALJ found Plaintiff capable of performing a limited range of sedentary work. He did not find any additional limitation regarding Plaintiff's ability to sit. The regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a). Social Security Ruling (SSR) 96-9p further provides that, for sedentary work, "[s]itting would generally total about 6 hours of an 8-hour workday." 1996 WL 374185, *4 (July 2, 1996).

Plaintiff testified at the administrative hearing that she sits normally in a chair for five minutes per day because of pain and because her doctor does not want her sitting normally. (AR 54). She also testified that one of her doctors has restricted her to driving for only 30 minutes at a time, (AR 46), and that two of her doctors have told her to not sit for more than 30 minutes, (AR 62). Her testimony consistently reports that she spends the majority of her time lying down or in a position reclining on her side. *See, e.g.*, (AR 48, 50, 53). The vocational expert testified that, based on his experience, no employers would permit an employee to lay down outside of work breaks, so any amount of laying down outside of breaks would preclude competitive, full-time employment.

The ALJ acknowledged that Plaintiff alleged difficulty in sitting, but he provided no substantive analysis of this issue. He did not weigh her credibility on the issue of sitting pursuant to SSR 96-7p[1] and 20 CFR §§ 404.1529 and 416.929. The ALJ also failed to address Plaintiff's medical records, from the period in which he found Plaintiff to be no longer disabled, showing over

---

[1]SSR 96-7p has since been superseded by SSR 16-3p.

6 months of treatment with a pain management specialist group. *See* (AR 644-71). In these records, Plaintiff consistently reported sacral or lower back pain aggravated by sitting and examination revealed tenderness to palpation in the same area.

The Commissioner counters with medical records that she argues indicate that Plaintiff's pain was less severe, not constant, or not aggravated by sitting. However, the ALJ did not mention these records as supporting his finding that Plaintiff could meet the sitting requirements of sedentary work. The Commissioner also argues that the ALJ considered Plaintiff's activities of daily living because he cited to Plaintiff's Disability Report in his decision. This inference is not supported. The ALJ cited this evidence to mark where in the record Plaintiff alleged symptoms. He did not cite this evidence in support of any discussion regarding Plaintiff's activities of daily living. Moreover, the Commissioner's argument that Plaintiff's school attendance "erodes" her allegations of inability to sit for long periods of time is misplaced in light of Plaintiff's testimony that she did not sit during class but rather would lie on her side.

The Commissioner declares:

> The ALJ fully considered Plaintiff's allegations about the nature of her symptoms, citing in his decision the pilonidal wound in the coccyx area that became infected and failed to heal—while specifically noting the dimensions . . . of the "substantial wound." He also noted the extensive treatment Plaintiff underwent, consisting of the initial excision, the wound debridement, placement of a wound vac., and the second procedure in May 2014 to try to close the recalcitrant wound.

(Resp. at 10, ECF No. 18) (citations omitted). However, all of the items noted by the Commissioner are about objective matters, and none are discussed in the context of Plaintiff's subjective complaints of pain that hamper her ability to sit.

ALJs must fairly evaluate the record. "Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the

ruling. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted) (citing *Dixon*, 270 F.3d at 1176; *Zurawski*, 245 F.3d at 888); *accord Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014); *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) ("[W]e cannot uphold an administrative decision that fails to mention highly pertinent evidence" (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (per curiam)).

Here, the ALJ ignored the evidence regarding Plaintiff's ability to sit, did not weigh Plaintiff's credibility on the issue, and did not discuss relevant medical records—regardless of whether the records supported or undermined Plaintiff's allegations. In light of the amount of subjective and objective evidence and the dearth of discussion on the issue, the ALJ erred in his evaluation of Plaintiff's ability to sit. Remand is required. Correction of this error on remand could impact all of the other areas of the decision with which Plaintiff takes issue. Therefore, in the interest of judicial efficiency, the Court will not address those other arguments.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief sought in Plaintiff's Brief [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

So ORDERED this 6th day of April, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT